UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAIFULLAH PARACHA, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 21-2567 (PLF) |
| JOSEPH R. BIDEN, JR., et al., | ) |
| Respondents. | ) |

MEMORANDUM OPINION AND ORDER

Petitioner Saifullah Paracha, a Pakistani national, is a detainee at the United States Naval Station at Guantanamo Bay, Cuba. On October 2, 2021, Mr. Paracha filed his second Petition for Habeas Corpus and Other Relief ("Paracha II Pet.") [Dkt. No. 1] before this Court. Previously, on January 23, 2020, the Court denied Mr. Paracha's first petition for writ of habeas corpus. Paracha v. Trump, 453 F. Supp. 3d 168 (D.D.C. 2020) ("Paracha I"). Mr. Paracha appealed that ruling. Before briefing was completed on Mr. Paracha's appeal, the court of appeals granted the United States' motion to hold the appeal in abeyance pending that court's en banc decision in Al Hela v. Biden, No. 19-5079. See Order, Paracha v. Biden, No. 20-5039 (D.C. Cir. June 2, 2021) (per curiam).

On October 4, 2021, Mr. Paracha moved in the court of appeals "for a limited remand to the district court for consideration of issues relevant to his habeas petition that were not available at the time the petition was filed, litigated, and decided," namely, the withdrawal of U.S. troops from Afghanistan and President Biden's accompanying announcement that the war in Afghanistan has ended, and a determination by the Periodic Review Board ("PRB") clearing

Mr. Paracha for release. Appellant's Motion for Limited Remand and Continuance of the Stay of His Appeal, Paracha v. Biden, No. 20-5039, at 1-2 (D.C. Cir. Oct. 4, 2021). That motion remains pending.

Mr. Paracha's recently filed, second habeas petition before this Court alleges that those same two developments warrant issuing a writ of habeas corpus. Paracha II Pet. at 4-5. First, U.S. and allied military forces and personnel have left Afghanistan, and President Biden announced that "[t]he war in Afghanistan is now over," and second, the PRB determined that "continuing law of war detention is no longer necessary" for Mr. Paracha. Id. Mr. Paracha therefore contends that the United States lacks authority to detain him. Id. at 5. He also raises several claims for "other relief." Id. at 6-11.

On October 25, 2021, the United States filed its Return to Petition for Habeas Corpus and Response to Petition for Other Relief [Dkt. No. 10] in Paracha II. The United States argues that the Court should hold in abeyance Counts I and II of Mr. Paracha's second habeas petition, concerning the end of hostilities in Afghanistan and the PRB's determination, until the D.C. Circuit rules on Mr. Paracha's motion for remand in Paracha I. The United States suggests that if the court of appeals remands, this Court should consolidate all of Mr. Paracha's habeas arguments across both of his habeas petitions "into a single brief to which Respondents can respond." Id. at 3. The United States also suggests that this Court should now dismiss Mr. Paracha's claims for "other relief," which it argues "are all categorically barred, either by 28 U.S.C. § 2241(e)(2) as non-habeas claims, or by appropriations statutes that have long prohibited transferring Guantanamo detainees to the United States," and, alternatively, that these claims fail "for want of standing or on their merits." Id. at 2-3.

If the court of appeals grants the motion for partial remand of <u>Paracha I</u>, this Court would have before it two habeas petitions filed by Mr. Paracha, each raising what appear to be identical arguments about the U.S. troop withdrawal and end of hostilities in Afghanistan and the PRB's determination regarding Mr. Paracha.  The Court agrees with the United States that permitting Mr. Paracha to pursue parallel habeas proceedings involving overlapping grounds for relief, whether it be in the district court or the court of appeals, would not serve the interests of judicial economy.  Cf. <u>M.M.M. ex rel. J.M.A. v. Sessions</u>, 318 F. Supp. 3d 310, 312 (D.D.C. 2018).  The Court therefore will hold in abeyance Mr. Paracha's second habeas petition until the court of appeals rules on Mr. Paracha's motion for limited remand.  The Court likewise will hold in abeyance Mr. Paracha's Motion for Order to Show Cause re Discovery [Dkt. No. 11], Motion for More Definite Statement [Dkt. No. 12], and Renewed Motion for Discovery [Dkt. No. 13].

For the foregoing reasons, it is hereby

ORDERED that all proceedings in this matter shall be HELD IN ABEYANCE until such time as the D.C. Circuit issues a ruling on the motion for limited remand in <u>Paracha v. Biden</u>, No. 20-5039; and it is

FURTHER ORDERED that the parties are directed to file a joint status report within fourteen days of any ruling by the court of appeals resolving the motion for partial remand advising this Court of how they wish to proceed and proposing any appropriate deadlines.

SO ORDERED.

　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　PAUL L. FRIEDMAN
　　　　　　　　　　　　　　　　　　United States District Judge

DATE:  November 12, 2021