UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SAIFULLAH PARACHA, | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 04-2022 (PLF) |
| JOSEPH R. BIDEN, JR., et al., | ) | |
| Respondents. | ) | |
| SAIFULLAH PARACHA, | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 21-2567 (PLF) |
| JOSEPH R. BIDEN, JR., et al., | ) | |
| Respondents. | ) | |

MEMORANDUM OPINION AND ORDER

Petitioner Saifullah Paracha has filed a Motion for Preliminary Injunction ("Mot."), Civil Action No. 21-2567 [Dkt. No. 28], requiring respondents to immediately submit information, a certification, and a report to Congress and several congressional committees, as specified in Section 308 of the Intelligence Authorization Act for Fiscal Year 2012 ("IAA"), Pub. L. No. 112-87, 125 Stat. 1876, 1883 (codified at 10 U.S.C. § 801 note), and Section 1034 of the National Defense Authorization Act for Fiscal Year 2016 ("NDAA"), Pub. L. No. 114-92, 129 Stat. 726, 969-71 (codified at 10 U.S.C. § 801 note).  Upon careful consideration of the parties' filings and the relevant legal authorities, the Court will deny petitioner's motion.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). A movant seeking preliminary relief must make a "clear showing that four factors, taken together, warrant relief: likely success on the merits, likely irreparable harm in the absence of preliminary relief, a balance of the equities in its favor, and accord with the public interest." Archdiocese of Washington v. Wash. Metro. Area Transit Auth., 897 F.3d 314, 321 (D.C. Cir. 2018) (quoting League of Women Voters of the United States v. Newby, 838 F.3d 1, 6 (D.C. Cir. 2016)); see also Sherley v. Sebelius, 644 F.3d 388, 392 (D.C. Cir. 2011) (noting that a preliminary injunction "may only be awarded upon a clear showing that the plaintiff is entitled to such relief" (quoting Winter v. Nat. Res. Def. Council, Inc., 555 U.S. at 22)). Of these, the most important factor is whether a movant has established a likelihood of success on the merits. See Aamer v. Obama, 742 F.3d 1023, 1038 (D.C. Cir. 2014).

Before the Supreme Court's decision in Winter, courts in this Circuit weighed these four factors on a "sliding scale," under which the movant need not "make as strong a showing" on one factor if they "make[] an unusually strong showing" on another. Davis v. Pension Benefit Guar. Corp., 571 F.3d 1288, 1291-92 (D.C. Cir. 2009) (quoting Davenport v. Int'l Bhd. of Teamsters, 166 F.3d 356, 361 (D.C. Cir. 1999)); accord Damus v. Nielsen, 313 F. Supp. 3d 317, 326 (D.D.C. 2018). This Circuit has hinted, however, that "a likelihood of success" and "a likelihood of irreparable harm" are "independent, free-standing requirement[s] for a preliminary injunction." Sherley v. Sebelius, 644 F.3d at 392-93 (quoting Davis v. Pension Benefit Guar. Corp., 571 F.3d at 1296 (Kavanaugh, J., concurring)); see Archdiocese of Washington v. Wash. Metro. Area Transit Auth., 897 F.3d at 334 (declining to resolve whether the "sliding scale" approach is still valid after Winter). Regardless, "a failure to show a

likelihood of success on the merits alone is sufficient to defeat a preliminary-injunction motion." Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs, 205 F. Supp. 3d 4, 26 (D.D.C. 2016) (citing Ark. Dairy Coop. Ass'n v. U.S. Dep't of Agric., 573 F.3d 815, 832 (D.C. Cir. 2009)); see also M.G.U. v. Nielsen, 325 F. Supp. 3d 111, 117 (D.D.C. 2018).

The Court concludes that petitioner cannot establish a likelihood of success on the merits because the claims raised in his preliminary injunction motion "do not sound in habeas" and consequently are barred by the Military Commissions Act of 2006, Pub. L. No. 109-366, § 7, 120 Stat. 2600, 2635-36 (codified at 28 U.S.C. § 2241(e)).  Aamer v. Obama, 742 F.3d at 1030. That statute provides:

> (1) No court, justice, or judge shall have jurisdiction to hear or consider an application for a writ of habeas corpus filed by or on behalf of an alien detained by the United States who has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination.
>
> (2) Except as provided in [Section 1005(e) of the Detainee Treatment Act of 2005], no court, justice, or judge shall have jurisdiction to hear or consider any other action against the United States or its agents relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement of an alien who is or was detained by the United States and has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination.

28 U.S.C. § 2241(e).  As this Court has previously recognized, although the Supreme Court held that subsection (e)(1) "'operates as an unconstitutional suspension of the writ' of habeas corpus," subsection (e)(2) "remains in effect."  Paracha v. Obama, 194 F. Supp. 3d 7, 11 (D.D.C. 2016) (quoting Boumediene v. Bush, 553 U.S. 723, 733 (2008)); see also Aamer v. Obama, 742 F.3d at 1030 (noting that "section 2241(e)(2) . . . continues in force" (citing Al-Zahrani v. Rodriguez, 669 F.3d 315, 319 (D.C. Cir. 2012))).

Under Section 2241(e)(2), this Court lacks jurisdiction to consider a claim that "do[es] not sound in habeas."  Aamer v. Obama, 742 F.3d at 1030.  And under the laws of this

3

Circuit, a claim that sounds in habeas is one in which a prisoner challenges either "the very fact or duration of his physical imprisonment" or "the conditions of his confinement." Id. at 1032 (quoting Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)); see also Al-Qahtani v. Trump, 443 F. Supp. 3d 116, 128 (D.D.C. 2020) ("Habeas corpus tests not only the fact but also the form of detention." (quoting Hudson v. Hardy, 424 F.2d 854, 855 n.3 (D.C. Cir. 1970))).

Mr. Paracha raises two claims in his motion for preliminary injunction, neither of which challenges the legality of his detention or his conditions of confinement. First, he argues that respondents have failed to provide to designated congressional committees a certification and a report, a process required by statute to be done at least 30 days before a Guantanamo detainee can be transferred to the custody or control of another country. See NDAA, Pub. L. No. 114-92, § 1034, 129 Stat. at 969-71 (noting that the certification must, among other things, indicate that "the transfer concerned is in the national security interests of the United States," describe the security and counter-terrorism capabilities of the receiving country, and "include[] an intelligence assessment" of the receiving country). Second, he argues that respondents have failed to submit to Congress other information that similarly must be provided at least 30 days prior to the transfer or release of a Guantanamo detainee. See IAA, Pub. L. No. 112-87, § 308, 125 Stat. at 1883 (requiring, among other things, "[t]he terms of any agreement with the [receiving country] for the acceptance of [the detainee]"). Mr. Paracha suggests that respondents' alleged inaction with respect to both statutes has "delayed" his release and that compelling the government to immediately submit the requested information, certification, and report will increase the likelihood that he will be transferred or released soon, see Mot. at 9-10, 14-15, but he "does not actually challenge the legality of his confinement, nor any aspect of the place or conditions of his confinement." Paracha v. Obama, 194 F. Supp. 3d at 11. His claims

therefore are barred under Section 2241(e)(2) because they "do not sound in habeas." Aamer v. Obama, 742 F.3d at 1030.

      For the foregoing reasons, it is hereby

      ORDERED that the Motion for Preliminary Injunction [Dkt. No. 28] in Civil Action No. 21-2567 is DENIED.

      SO ORDERED.

                                                                   /s/
                                         PAUL L. FRIEDMAN
                                         United States District Judge

DATE:  March 2, 2022